UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERLIN S. CAMPO                              CIVIL ACTION

VERSUS                                       NO. 06-5050

ALLSTATE INSURANCE COMPANY,                  SECTION "C" (1)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant Allstate Insurance Company (Allstate) and motion for summary judgment on coverage filed by the plaintiff. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment in favor of the defendant is appropriate for the following reasons.

The plaintiff is suing Allstate as a Write-Your-Own Program carrier participating in the National Flood Insurance Program ("NFIP"). The plaintiff is suing for storm-related damages to his property in St. Bernard Parish. It is undisputed that the plaintiff had first purchased a Standard Flood Insurance Policy ("SFIP") from the defendant

1

years ago, made a claim under the policy for storm damages, received a check for $2,500 from the defendant and was assured in writing by the defendant on October 29, 2005, that he would receive the policy limits.  It is also undisputed that the plaintiff was advised on December 28, 2005, that his claim would not be paid and the $2,500 needed to be returned due to the fact that his policy had lapsed on August 13, 2005, because the premium was not paid by September 13, 2005, within the 30-day grace period.  Allstate acknowledges that the Federal Insurance Administrator actually extended the "grace" period for premium payment an additional 90 days or until December 15, 2005.

In his complaint, the plaintiff claims that he was unable to make the payment because of the storm and the defendant's actions after the storm prevented him from reinstating the policy.  (Rec. Doc. 1, ¶ VII.).  The plaintiff testified at his deposition that he assumed he was covered for storm damage because he thought his insurance was in place until the "grace" period expired on September 13, 2005, and that because the storm occurred before the later "grace" period "due date," he did not need to pay the premium at all.  He argues that he relied upon the defendant's post-storm representations that he was due to receive the policy limits.

Allstate argues that summary judgment is appropriate because the plaintiff has admitted in deposition that he was aware that he failed to pay his premium and

admitted receiving the renewal notice, the plaintiff is charged with knowledge of the policy provisions, and causes of action based on detrimental reliance, negligence and bad faith damages are barred and preempted under federal law.  The plaintiff argues the considerable equities in his favor in opposition to the motion, but does not provide any legal authority supporting this Court's ability to reinstate the policy under these circumstances.

The Court finds that the claims presented by the plaintiff's relate to claims handling as opposed to procurement.  This Court has recognized that these state law and extra-contractual claims are completely preempted by the regulations which constitute the terms of the SFIP and which were promulgated under the National Flood Insurance Act ("NFIA"), 44C.F.R. § 61, App. A(1).  Bolden v. Federal Emergency Management Agency, 2007 WL 2463313 (E.D.La.).  See also Wright v. Allstate Insurance Co., 415 F.3d 384, 390 (5th Cir. 2005), after remand, ___ F.3d ___, 2007 WL 2636725 (5th Cir. 9/11/ 2007); Dickerson v. State Farm Mutual Insurance Co., 2007 WL 1537631 (E.D.La); Faust v. State Farm Fire & Casualty Co., 2007 WL 1191163 (E.D.La.); Windes v. Haeuser Insurance Agency, Inc., 2007 WL 316998 (E.D.La.).  The Fifth Circuit has recently advised that there is no federal common law right of action for extra-contractual claims under the NFIA.  Wright v. Allstate Insurance Co., 2007 WL 2636725

(5th Cir. 9/11/ 2007);[1]

Although the plaintiff proceeded at his own risk on his own misinformation when he decided not to pay the premium, the error of his thinking was compounded by the defendant and its actions. Although the case is subject to dismissal, it nonetheless presents an example of bungling by the defendant of a degree that this Court has previously not witnessed in the multitude of Katrina cases on its docket.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant Allstate Insurance Company is GRANTED and the motion for summary judgment on coverage filed by the plaintiff is DENIED. (Rec. Docs. 19 & 21).

New Orleans, Louisiana, this 14th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] There also appears that any tort claim has not been exhausted under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671.