UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERLIN S. CAMPO                                    CIVIL ACTION

VERSUS                                             NO. 06-5050

ALLSTATE INSURANCE COMPANY,                        SECTION "C" (1)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, Allstate Insurance Company ("Allstate") and motion for summary judgment filed by the plaintiff, Merlin S. Campo ("Campo"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

The plaintiff is suing Allstate as a Write-Your-Own carrier participating in the National Flood Insurance Program ("NFIP") for its post-Katrina conduct in originally approving and later disapproving his claim for flood insurance on a policy that had lapsed for non-payment of premium for a period of less than 30 days at the time of the storm. This Court originally found that the plaintiff's claims pertained to policy handling as opposed to procurement. The Fifth Circuit reversed on appeal, holding

1

"that Campo's claims are related to procurement rather than handling," "FEMA does not reimburse carriers for procurement-related judgments," and "[f]ederal law this does not preclude Campo from pursuing his procurement-based suit that asserts a state-law cause of action for Allstate's allegedly negligent misrepresentation." *Campo v. Allstate Insurance Co.*, 562 F.3d 751, 756, 758 (5th Cir. 2009). In reversing this Court, the Fifth Circuit left the issue whether a genuine issue of material fact existed as to whether any reliance was unreasonable as a matter of law "to the district court's sound judgment on remand." *Id.*

Allstate maintains, with sparse direct reference to the language contained in the opinion of the Fifth Circuit, that the opinion "says literally nothing other than that policy procurement theories of recovery, as a general proposition, are not themselves 'preempted' by federal law" and that the Fifth Circuit "left open the question of whether federal funds would be utilized to pay any resulting judgment in this case." (Rec. Doc. 53, p. 5, 6). "Allstate submits that this Court should be mindful of what caused all of this." (Rec. Doc. 53, p. 7). This Court finds that Allstate's motion largely repeats arguments rejected on appeal and/or in its motions for rehearing and rehearing

*en banc*.[1]

Allstate argues first, as did Judge Garza in dissent, that if the policy lapsed because of non-payment, Campo could not have procured a new flood policy that would have covered Katrina losses because of a 30-day waiting period. This Court's reading of the Fifth Circuit opinion is not as narrow as Allstate's, and this Court has no problem with recognizing a species of procurement-based claims under the extreme circumstances presented. Again, the defendant's argument was squarely presented and rejected on appeal, and this Court is not empowered to recognize it on remand.

Taking its disagreement with the Fifth Circuit opinion to the next level, Allstate next argues that for purposes of the NFIP, "the phrase 'policy administration' is a legal term of art" that "is not a creation of ... the courts ..." (Rec. Doc. 53, p. 12). It boldly provides what appears to be step-by-step tutorial of how to interpret statutes and regulations to support its conclusion that the Fifth Circuit's analysis is wrong. A briefer version of Allstate's lesson was presented on petition for rehearing and petition for rehearing *en banc* and rejected. In this Court, however, Allstate adds a recent

---

[1] The Court also finds the tone of Allstate's brief to be inappropriately patronizing and sarcastic considering Allstate failed to alert the plaintiff to the lapsed coverage when his claim was first submitted. Indeed, Allstate represented that he would receive full payment. Allstate's conduct was at best bungling and at worst deliberately laying in the gap until the time for the renewal payment had expired.

3

affidavit from the Flood Field Manager for Allstate to establish that Allstate has been paid for litigation expenses in this matter and has not received notice that future payment is not forthcoming, along with a memorandum from FEMA reflecting is disagreement with the Fifth Circuit opinion. No legal authority as to why this material should override the opinion of the Fifth Circuit is provided. Instead, the record reflects that the Fifth Circuit has directly spoken as to the characterization of the plaintiff's claims and preemption.[2] Again, this argument has been rejected on appeal and made the subject of the Fifth Circuit's final judgment.

The plaintiff's motion is rather summarily based on the Fifth Circuit opinion. Although the Court construes the motion as limiting the plaintiff's claim to one of negligent misrepresentation, the plaintiff's motion is lacking in any discussion as to the elements of such a claim or how the undisputed facts support such a claim as a matter of law. Summary judgment is not appropriate based on the motion filed.

Accordingly,

IT IS ORDERED that the motions for summary judgment filed by Allstate Insurance Company and the plaintiff, Merlin S. Campo are DENIED. (Rec. Docs. 53,

---

[2] The Court construes the plaintiff's memorandum as indicating that any "equitable estoppel claim" is not being pursued.

57).

New Orleans, Louisiana, this 18th day of February, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE